**HANG VENG; Sambath Chem, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74689.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2013.\*

April 12, 2013.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Jeffrey Lawrence Menkin, Trial, U.S. Department of Justice Washington, DC, District Counsel, Esquire, Office of the District Counsel De-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

partment of Homeland Security, Los Angeles, CA, for Respondent.

Before: TALLMAN and M. SMITH, Circuit Judges, and ROSENTHAL, District Judge.\*\*

MEMORANDUM \*\*\*

Hang Veng and his spouse, Sambath Chem, petition for review from the BIA's denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] They sought relief on the basis of Veng's political opinion and related association with an armed insurgent organization. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that Veng "engaged in a terrorist activity" within the meaning of 8 U.S.C. § 1182(a)(3)(B)(i)(I) by "gather[ing] information" and providing "material support." *See* 8 U.S.C. §§ 1182(a)(3)(B)(iv)(III), (VI). An alien who has engaged in a terrorist activity is ineligible for asylum. 8 U.S.C. §§ 1158(b)(2)(A)(v), 1227(a)(4)(B).

Additionally, substantial evidence supports the agency's finding that there are reasonable grounds to believe that he poses a security threat to the United States, making him ineligible for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(B)(iv). Furthermore, because

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**1.** Chem seeks review as the derivative beneficiary of Veng's claim and did not file a separate application. Therefore, our denial of Veng's petition necessarily forecloses the potential for relief on her claim.

a subsection of that statute [2] applies, denial of withholding of removal under CAT is required. 8 C.F.R. § 1208.16(d)(2).

Finally, substantial evidence also supports the BIA's determination that Veng failed to show that even as a former member of an insurgent organization, he is "more likely than not" to be tortured if removed to the designated country. *See* 8 C.F.R. § 1208.17(a). Thus, Veng is also ineligible for deferral of removal under CAT. *Id.; Haile v. Holder,* 658 F.3d 1122, 1130–31 (9th Cir.2011).

**PETITION FOR REVIEW DENIED.**

**2.** Known interchangeably as 8 U.S.C. § 1231(b)(3)(B) and INA § 241(b)(3)(B).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

